LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CV 08      302**

**AMON, J.**

**GOLD, M.J.**

---

CARLOS PAULINO, on behalf of himself and
others similarly situated,

         Plaintiff,

    v.

CALL-A-HEAD CORP. and
CHARLES HOWARD

         Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

\*      JAN 22 2008      \*

BROOKLYN OFFICE

Plaintiff, CARLOS PAULINO (hereinafter, "PAULINO" or "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorney, hereby files this Complaint against Defendants, CALL-A-HEAD CORP. ("CALL-A-HEAD") and CHARLES HOWARD ("HOWARD") (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, PAULINO, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid

1

overtime, (2) liquidated damages, (3) compensatory and punitive damages for retaliation, and (4) attorneys' fees and costs.

2. Plaintiff, PAULINO, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages equal to twenty-five percent of the sum of his unpaid overtime, (3) compensatory and punitive damages for retaliation, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, PAULINO, is a resident of Queens County, New York.

6. Defendant, CALL-A-HEAD., is a corporation organized under the laws of New York, with a principal executive office at 304 Crossbay Blvd., Broad Channel, New York 11693.

7. Upon information and belief, Defendant, HOWARD, is the Chairman of CALL-A-HEAD CORP.

8. Upon information and belief, Defendant, HOWARD, is the Chief Executive Officer of CALL-A-HEAD CORP.

9. Plaintiff was employed by Defendants in Queens County, New York, from on or about November 29, 2006 until December 10, 2007.

10. At all relevant times, CALL-A-HEAD was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, PAULINO, was directly essential to the business operated by CALL-A-HEAD.

12. At all relevant times, Defendants knowingly and willfully failed to pay PAULINO his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

13. Plaintiff, PAULINO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. On or about November 29, 2006, Plaintiff, PAULINO, was hired by Defendants, CALL-A-HEAD, to work first as a cleaner and then as a delivery person for Defendants' portable toilet business.

15. Plaintiff, PAULINO, worked for the Defendants at first cleaning and subsequently delivering portable toilets throughout the New York area.

16. During PAULINO's employment by Defendants, he generally worked over forty (40) hours per week, usually working around fifty-five (55) hours a week.

17. CALL-A-HEAD knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

3

18. On or about December 10, 2007, Charles Howard ("HOWARD"), Plaintiff's supervisor and the Chairman and/or Chief Executive Officer of CALL-A-HEAD, told Plaintiff that Plaintiff was arriving at work fifteen minutes late and that he needed to arrive on time. In reality, Plaintiff had only been to work fifteen minutes late a few times during the course of his entire employment with Defendants.

19. In response to HOWARD'S statement, Plaintiff said "Why don't you take it out of my overtime?"

20. HOWARD responded by saying: "You know what? You're fired."

21. One-half hour later, Plaintiff called HOWARD and apologized for his comment -- to which Howard responded: "No problem."

22. Two days later, on December 12, 2007, Plaintiff telephoned HOWARD and asked if he could have his job back, and HOWARD refused.

23. Plaintiff asked, "Why not?," to which HOWARD responded, "It's not working out."

24. Defendants' subsequently denied Plaintiff's application for unemployment benefits.

25. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, CALL-A-HEAD has had gross revenues in excess of $500,000.

30. Plaintiff, PAULINO, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

32. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

5

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, PAULINO, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, PAULINO, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendants retaliated against Plaintiff under the FLSA when they immediately fired Plaintiff for alluding to the Defendants' failure to pay overtime.  As a result, Defendants' actions constitute retaliatory actions that would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

45. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA.  29 U.S.C. 215 (a)(3).

46. Plaintiff has suffered economic damage and mental distress as a result of Defendants' retaliatory treatment.

47. Due to the Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages for Defendants' reckless and willful disregard for Plaintiff's rights. Further, Plaintiff is entitled to attorneys' fees, costs, interest and such further relief as the Court deems appropriate.

## COUNT IV

### RETALIATION UNDER THE NEW YORK LABOR LAW

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Defendants retaliated against Plaintiff under the New York Labor Law when they immediately fired Plaintiff for alluding to the Defendants' failure to pay overtime.

50. As a result, Defendants' actions constitute retaliatory actions that would have a chilling effect on the assertion by employees of their federal rights under the New York Labor Law.

51. Plaintiff has suffered economic damage and mental distress as a result of Defendants' retaliatory treatment.

52. Due to the Defendants' retaliation under the New York Labor Law, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages for Defendants' reckless and willful disregard for Plaintiff's rights. Further, Plaintiff is entitled to attorneys' fees, costs, interest and such further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAULINO, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

8

e.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

f.     An award of compensatory and punitive damages for Defendants' retaliatory conduct under the FLSA;

g.     An award of compensatory and punitive damages for Defendants' retaliatory conduct under the New York Labor Law;

h.     An award of prejudgment and postjudgment interest;

i.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 22, 2008

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
*Attorneys for Plaintiff*
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: (212) 400-7160
Fax: (212) 400-7162

By: _____
      ROBERT L. KRASELNIK (RK 0684)

9