UNITED STATES DISTRICT COURT
EASTERN DISTRICT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARLOS PAULINO, on behalf of himself ANSWER
and others similarly situated,

                     Plaintiff, Case No: 08 CV 302
 (CBA) (SMG)
    -against-

CALL-A-HEAD CORP. and CHARLES HOWARD,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    DEFENDANTS, Call-A-Head Corp. and Charles Howard, by and through their attorney, submit the following answer to the Complaint herein.

    1. Defendants admit that plaintiff seeks to bring an action for alleged violation of the Fair Labor Standard Ace (29 USC §§201, et. seq. - "FLSA") but denies that plaintiff is entitled to the relief he seeks in his Complaint.

    2. Defendants deny that plaintiff is entitled to recover from defendants: 1) unpaid overtime; 2) liquidated damages equal to 25% of the sum of his unpaid overtime; 3) compensatory and punitive damages for retaliation; and, 4) attorneys' fees and costs.

    3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

    4. Defendants admit the allegation contained in paragraph 4 of the Complaint.

    5. Defendants deny knowledge and information sufficient to form a belief as to the truth of paragraph 5 of the Complaint.

6. Defendant Call-A-Head Corp. admits the allegation contained in paragraph 6 of the Complaint.

7. Defendant Howard admits the allegation contained in paragraph 7 of the Complaint.

8. Defendant Howard admits the allegation contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendant Call-A-Head admits the allegation contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph of paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph of paragraph 12 of the Complaint.

13. Defendants lack knowledge and information sufficient to form a belief as to the truth and/or accuracy of paragraph 13 of the Complaint.

14. Defendants admit paragraph 14 of the Complaint.

15. Defendants admit paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph of paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph of paragraph 17 of the Complaint.

18. Defendant Howard lacks knowledge and information sufficient to form a belief as to the particular date, "December 10, 2007" contained in paragraph 18 of the Complaint but admits that he had, on many occasions, as Supervisor and CEO of defendant Call-A-Head, told plaintiff that plaintiff was continually arriving at work fifteen to thirty minutes late and, continually admonished plaintiff that he needed to arrive on time. Defendant Howard denies that plaintiff was "only … been late a few times during the course of his entire employment" with the defendants.

19. Defendant Howard denies any knowledge or information sufficient to form a belief as to whether or not plaintiff made the statement he claims in paragraph 19.

20. Defendant Howard denies responding to the alleged statement plaintiff claims he, plaintiff, made to Howard by saying "you know what? you're fired".

21. Defendant Howard categorically denies that plaintiff "called Howard and apologized for his comment" and further that he, Howard, said "no problem".

22. Defendant Howard denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant Howard denies the allegations contained in paragraph of paragraph 23 of the Complaint.

24. Defendants deny that they "denied plaintiff's application for unemployment benefits". HOWEVER, defendants reported to unemployment

(Department of Labor) that the reason that plaintiff was "let go" from the employ of defendants was for "excessive and continual lateness" and, general non-performance of assigned duties. Apparently, plaintiff never challenged unemployments' (DOL) "denial" of plaintiff's application on the grounds that "he was terminated for cause". If plaintiff never challenged his denial by DOL/unemployment division, that fact is germane to this case (see collateral estoppel defense).

25. Defendants lack knowledge and information sufficient to form a belief as to the truth or accuracy of the statement contained in paragraph 25.

26. Defendants restate and incorporate by reference all of its responses to the allegations set forth in the Complaint, paragraphs numbered 1hrough 25.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegation contained in paragraph 30 of the Complaint.

31. Defendants deny the allegation contained in paragraph 31 of the Complaint.

32. Defendants deny the allegation contained in paragraph 32 of the Complaint.

33. Defendants admit that they have the payroll records of plaintiff and stand ready to deliver copies to plaintiff's attorney at the attorney's direction.

34. Defendants deny there was any willful disregard for the provisions of law.  Defendants at all times attempted in good faith to comply with FLSA.

35. Defendants deny the allegation contained in paragraph 35 of the Complaint.

36. Defendants deny the allegation contained in paragraph 35 of the Complaint.

37. Defendants deny the allegation contained in paragraph 35 of the Complaint.

38. Defendants deny the allegation contained in paragraph 35 of the Complaint.

39. Defendants restate and incorporate by reference all of its responses to the allegations set forth in the Complaint, paragraphs numbered 27through 38.

40. Defendants deny knowledge and information sufficient to form a belief as to the applicability of the term "at all relevant times".

41. Defendants deny they willfully violated plaintiff's rights under FLSA.

42. Defendants deny the allegation contained in paragraph 42 of the Complaint.

43. Defendants restate and incorporate by reference all of its responses to the allegations set forth in the Complaint, paragraphs numbered 40 through 43.

44. Defendants deny they "retaliated" against plaintiff. Plaintiff was fired for cause.

45. Defendants deny the allegation contained in paragraph 45 of the Complaint.

46. Defendants deny the allegation contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants restate and incorporate by reference all of its responses to the allegations set forth in the Complaint, paragraphs numbered 44 through 47.

49. Defendants deny the allegation contained in paragraph 49 of the Complaint.

50. Defendants deny the allegation contained in paragraph 50 of the Complaint.

51. Defendants deny the allegation contained in paragraph 51 of the Complaint.

52. Defendants deny the allegation contained in paragraph 52 of the Complaint.

**Demand for a Jury Trial**

Insofar as plaintiff demands a trial by jury, defendants deny that plaintiff is entitled to a trial by jury

Defendants presently have insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses.  Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR THE SECOND AFFIRMATIVE DEFENSE**

Plaintiff was "in training" and was terminated for cause.  Upon information and belief, that issue was determined by Department of Labor, Unemployment Division, and, apparently, plaintiff never challenged the "reasons" proffered by defendants for the termination.  Defendants maintain that the "termination for cause" is the law of this case, and, plaintiff should be collaterally estopped from re-litigating that issue in this case (see paragraph 24 hereinabove).

## AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Justification – Plaintiff was "untrainable" and, although he made a valiant effort, because he was unable to read, write and/or read a map, he was totally unqualified for the job.  It was a mutually understood termination.

There was no retaliation and/or bad faith involved in this case. Defendants did not act willfully and/or did not act with malice or reckless indifference in this particular case.

WHEREFORE, defendants respectfully request that this Court:

a)  dismissing the plaintiff's Complaint in its entirety; and,

b)  grant defendants their costs, fees, including attorneys' fees, and disbursements in connection with the defense of this action;

c)  that this Court grant such other and further relief this it deems necessary, just and proper under all the circumstances herein.

Dated:  Broad Channel, NY
         February 18, 2008

                                                                                                          _____
THOMAS C. MONAGHAN (TM9929)
Attorney for Defendants
609 Cross Bay Boulevard
Broad Channel, NY   11693
(718) 474-4955
(718) 474-8402

LAW OFFICES OF ROBERT L. KRASELNIK, PLLC
40 Wall Street – 28th Floor
New York, NY   10005
Att:  Robert L. Kraselnik, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARLOS PAULINO, on behalf of himself
and others similarly situated,

                Plaintiff,         Case No: 08 CV 302
                                                 (CBA) (SMG)

    -against-

CALL-A-HEAD CORP. and CHARLES HOWARD,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## *ANSWER*

Dated: February 21, 2008

_____
                                   Signature (Rule 130-1,1-a)

                     _____
                     THOMAS C. MONAGHAN


              Law Offices of Thomas C. Monaghan
                       609 Cross Bay Blvd.
                    Broad Channel, NY 11693
                         (718) 474-4955